UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONTE ESKRIDGE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3033 |
| | ) | |
| PAUL W. HENDRIX et al., | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Lawrence Correctional Center, pursues claims arising from his segregation in Western Illinois Correctional Center for 20 days on a disciplinary ticket that was ultimately expunged. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a

1

prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, *pro se* pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

In December 2009, Plaintiff was incarcerated in Stateville Correctional Center.  On or about December 17, 2009 Plaintiff was sent to segregation on a fighting charge.  Defendant Hendrix wrote the disciplinary ticket.  A few weeks later Plaintiff was transferred to Western Illinois Correctional Center and placed in segregation.  On or about January 5, 2010 Defendants Ashby and Davis presided at a hearing on

the disciplinary ticket. They expunged the ticket and released Plaintiff to general population, but by that time Plaintiff had already spent 20 days in segregation. Plaintiff alleges that he suffered "malnutrition, inhumane treatment, pschological [sic] torture, and egregious conditions" in segregation.

## ANALYSIS

Occasional segregation is considered a typical part of an inmate's experience in prison. Therefore, segregation generally does not violate the Constitution's procedural due process clause because segregation is not considered an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's 20-day segregation does not, by itself, suggest a procedural due process violation.

Plaintiff's segregation might have violated the Eighth Amendment if the conditions he suffered were "cruel and unusual." However, in this context, cruel and unusual means more than just the fact of segregation. Cruel and unusual means inhumane, depriving Plaintiff of the "minimal

civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).

Plaintiff does allege that he suffered from "malnutrition, inhumane treatment, psychological torture, and egregious conditions," but he gives no factual detail. Additionally, no factual allegations plausibly suggest that the defendants he names were personally responsible for those conditions or even aware of them.

These problems might be cured with an amended complaint, but the case would still have to be dismissed because Plaintiff did not exhaust his administrative remedies. 42 U.S.C. § 1997e(a) requires an inmate to exhaust available administrative remedies before filing a lawsuit in federal court. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). Exhausting administrative remedies in the prison context means timely filing a grievance regarding the issues and timely pursuing all appeals. <u>Woodford v. Ngo</u>, 548 U.S. 81, 91 (2006)("Proper exhaustion demands compliance with an agency's

deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). The exhaustion requirement is separate from and in addition to the time limit for filing a suit in federal court (known as the statute of limitations).[1]

Here, Plaintiff admits that he did not exhaust his administrative remedies. The grievance attached to the Complaint was filed in January 2012, about two years after the incident. The deadline for Plaintiff to file his prison grievance was 60 days after the occurrence, according to the grievance officer's response attached to Plaintiff's Complaint. *See also* 20 Ill. Admin. Code 504.810(a)("A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance."). Lack of exhaustion is an affirmative defense, but dismissal is appropriate if the Complaint plainly demonstrates on its face that a plaintiff did not exhaust his administrative remedies. <u>Walker v. Thompson</u>, 288 F.3d 1005, 1009 (7th Cir. 2002)("when the existence of

---

[1]The statute of limitations for filing this case in court is two years.

a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").

IT IS THEREFORE ORDERED:

1. Plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

2. The merit review scheduled for April 23, 2012 is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation. This case is closed.

3. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma

pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:     April 18, 2012

FOR THE COURT:

        s/Sue E. Myerscough        
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
